**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION (NO. II) | |
| This document relates to: | MDL Docket No. 2925 Misc. No. 20-8 (BAH) |
| *Environmental Protection & Improvement Company, LLC v. Union Pacific Railroad Company, et al.*, No. 1:22-cv-02587-BAH (D.D.C.) | |

**DEFENDANT CSX TRANSPORTATION, INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

CSX Transportation, Inc. ("CSXT") hereby answers the Complaint filed by Plaintiff

Environmental Protection & Improvement Company, LLC ("Plaintiff") as follows:

CSXT denies each and every allegation of the Complaint, except as specifically stated,

and denies that it violated in any way the antitrust laws under which Plaintiff purports to bring

this action.  No response to the allegations in the unnumbered paragraph on page 1 is required

because the paragraph contains legal arguments and conclusions of law to which no response is

required.  To the extent a response is required, CSXT denies the allegations, except admits that

Plaintiff purports to bring an action as described in that paragraph.

**NATURE OF THE ACTION**

1.    Paragraph 1 contains legal arguments and conclusions of law to which no

response is required.  To the extent a response is required, CSXT denies the allegations in

Paragraph 1 that relate to Plaintiff's purported purchasing history of rail freight transportation

services because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 1, except admits that Plaintiff purports to bring an action as described in that paragraph.

2.     Paragraph 2 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 2, except admits that a rail fuel surcharge is a separately-identified fee that CSXT has charged in certain instances to recover for increases in the cost of fuel.  CSXT further denies the allegation that "Defendants conspired between themselves and with other rail freight carriers" to the extent such allegations are barred by the applicable statute of limitations.

3.     Paragraph 3 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 3 that relate to Plaintiff's purported purchasing history of rail freight transportation services because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 3.

4.     CSXT admits that Plaintiff purports to bring this action as described in Paragraph 4, but denies that Plaintiff is entitled to any damages.

## PARTIES

5.     Paragraph 5 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 5 regarding Plaintiff's purported business and supposed purchase of rail freight transportation because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 5.

6.     CSXT admits the allegations in Paragraph 6.

7.       CSXT denies the allegations in Paragraph 7 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

8.       CSXT denies the allegations in Paragraph 8 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

## JURISDICTION AND VENUE

9.       CSXT admits that Plaintiff purports to bring this action as described in Paragraph 9, but denies that it has violated the antitrust laws and that Plaintiff is entitled to any relief.

10.      Paragraph 10 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT admits the allegations in Paragraph 10.

11.      Paragraph 11 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 11 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

12.      Paragraph 12 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 12 relating to Union Pacific Railroad Company ("UP") and Norfolk Southern Railway Company ("NS") because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 12.

## BACKGROUND

13.      CSXT denies the allegations in Paragraph 13 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

14.     Paragraph 14 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 14 relating to UP and NS because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 14.

15.     Paragraph 15 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 15.

16.     Paragraph 16 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 16, except admits that the Staggers Rail Act was passed in 1980 and partially deregulated the railroad industry.

17.     CSXT admits the allegations in Paragraph 17.

18.     Paragraph 18 contains legal arguments and conclusions of law to which no response required.  To the extent a response is required, CSXT denies the allegations in Paragraph 18 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

19.     Paragraph 19 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 19, except admits that there are seven Class I railroads today and that two Class I railroads are owned by Canadian entities.

20.     Paragraph 20 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in

Paragraph 20 because it lacks sufficient information to form an independent belief regarding the truth of the allegations, except admits that the Surface Transportation Board ("STB") assumed certain functions that had been performed by the Interstate Commerce Commission ("ICC") and introduced a moratorium on new railroad mergers in the early 2000s.

21.     Paragraph 21 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 21.

22.     To the extent that the allegations in Paragraph 22 relate to UP or NS, CSXT denies the allegations because it lacks sufficient information to form an independent belief regarding the truth of the allegations.  CSXT denies the allegations in Paragraph 22 concerning the supposed statements by UP's President, James Young, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because any transcript of UP's October 2004 earnings call is the best evidence of any statements made during this earnings call.  CSXT denies the remaining allegations in Paragraph 22, except admits that the Association of American Railroads ("AAR") published the All Inclusive Index ("AII"), that CSXT independently entered into private freight transportation contracts that included cost escalation provisions tied to the AII and Rail Cost Adjustment Factor ("RCAF"), and that the AII and RCAF both included a fuel component as well as various other components.

## THE ANTICOMPETITIVE CONDUCT

23.     CSXT denies the unnumbered heading that appears before this paragraph. Paragraph 23 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 23.

24.    Paragraph 24 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 24 that relate to NS or UP because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT admits that the cited district court opinion contains the quoted language in Paragraph 24, but denies Plaintiff's allegations, including Plaintiff's characterization of the opinion, because the opinion and the document quoted in the opinion are the best evidence of their complete and accurate content.  CSXT denies the remaining allegations in Paragraph 24, except admits that it independently implemented various fuel surcharges between 2000 and 2003 that sought to recover CSXT's increased fuel costs during this period.

25.    CSXT denies the allegations in Paragraph 25 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT admits that the cited district court opinion contains the quoted language in Paragraph 25, but denies Plaintiff's allegations, including Plaintiff's characterization of the opinion, because the opinion and the document quoted in the opinion are the best evidence of their complete and accurate content.

26.    CSXT denies the allegations in Paragraph 26 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT admits that the cited district court opinion contains the quoted language in Paragraph 26, but denies Plaintiff's allegations, including Plaintiff's characterization of the opinion, because the opinion and the document quoted in the opinion are the best evidence of their complete and accurate content.

27.     CSXT denies the allegations in Paragraph 27 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT admits that the cited district court opinion contains the quoted language in Paragraph 27, but denies Plaintiff's allegations, including Plaintiff's characterization of the opinion, because the opinion and the document quoted in the opinion are the best evidence of their complete and accurate content.

28.     CSXT admits that the district court opinion cited by Plaintiff contains the quoted language in Paragraph 28, but denies Plaintiff's allegations, including Plaintiff's characterization of the opinion, because the opinion and the testimony quoted in the opinion are the best evidence of their complete and accurate content.

29.     CSXT admits that the district court opinion cited by Plaintiff contains the quoted language in Paragraph 29, but denies Plaintiff's allegations, including Plaintiff's characterization of the opinion, because the opinion and the document quoted in the opinion are the best evidence of their complete and accurate content.

30.     Paragraph 30 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations related to UP and NS because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT admits that the cited district court opinion contains the language quoted in Paragraph 30, but denies Plaintiff's allegations, including Plaintiff's characterization of this language because the opinion and the documents quoted in the opinion are the best evidence of their complete and accurate content.  CSXT denies the remaining allegations in Paragraph 30.

31.     To the extent that the allegations in Paragraph 31 relate to NS or UP, CSXT denies the allegations because it lacks sufficient information to form an independent belief regarding the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 31, except admits that a National Freight Transportation Association ("NFTA") conference occurred on April 2-6, 2003 at the Wigwam resort in Litchfield Park, Arizona and that certain CSXT employees have attended NFTA conferences.

32.     Paragraph 32 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 32 concerning any supposed fuel surcharge recommendation made by UP's CMO, Jack Koraleski, because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT admits that one item on a multi-part agenda produced in the Putative Class Action was the quoted language in Paragraph 32, but denies Plaintiff's allegations, including Plaintiff's characterization of the document, which is the best evidence of its accurate and complete contents.  CSXT denies the remaining allegations in Paragraph 32.

33.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 33, but denies Plaintiff's allegations, including Plaintiff's characterization of the document, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiff purports to quote is the best evidence of its complete and accurate contents.

34.     CSXT admits that documents produced in the Putative Class Action contain the quoted language in Paragraph 34, but denies Plaintiff's allegations, including Plaintiff's characterization of the documents, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the documents that Plaintiff purports

to quote are the best evidence of their complete and accurate contents. CSXT denies the remaining allegations in Paragraph 34, except admits that CSXT announced certain modifications to its published fuel surcharge on or around March 20, 2003.

35.     CSXT denies the allegations in Paragraph 35.

36.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 36, but denies Plaintiff's allegations, including Plaintiff's characterization of the document, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiff purports to quote is the best evidence of its complete and accurate contents.

37.     Paragraph 37 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 37 concerning fuel surcharges charged by UP because it lacks sufficient information to form an independent belief concerning the truth of the allegations. CSXT denies the remaining allegations in Paragraph 37.

38.     Paragraph 38 contains legal arguments and conclusions of law to which no response is required. To the extent that a response is required, CSXT denies the allegations in Paragraph 38 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

39.     Paragraph 39 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT denies the allegations in Paragraph 39 concerning fuel surcharges charged by UP because it lacks sufficient information to form an independent belief concerning the truth of the allegations. CSXT denies the remaining allegations in Paragraph 39.

40.     Paragraph 40 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations concerning UP in Paragraph 40 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 40.

41.     Paragraph 41 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations to the extent they relate to UP and NS in Paragraph 41 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 41.

42.     Paragraph 42 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 42 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

43.     Paragraph 43 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 43 concerning NS and UP because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 43.

44.     Paragraph 44 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 44.

45.     Paragraph 45 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 45 relating to the AAR because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiff purports to quote is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 45.

46.     Paragraph 46 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 46.

47.     Paragraph 47 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 47, except admits that in 2003 the AAR announced the establishment of a new index called the All Inclusive Index Less Fuel ("AIILF"), and that the AIILF was similar to the AII and RCAF indices except that it did not include fuel costs as a component.  CSXT also denies the allegations in Paragraph 47 relating to the AAR because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiff purports to quote is the best evidence of its complete and accurate contents.

48.     Paragraph 48 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 48 concerning NS because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 48, except admits that as of June 2003, CSXT's published fuel surcharge applied when the 30-day average price of WTI exceeded $23 per barrel, and that according to this

published fuel surcharge, when the 30-day average price of WTI exceeded $23 per barrel, fuel surcharge rates increased 0.4 percent for every $1 increase.

49.     Paragraph 49 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations, except admits that CSXT changed its published fuel surcharge two months after the WTI adjusted, and that it published its monthly fuel surcharge percentages on its website.

50.     CSXT admits that the district court opinion cited by Plaintiff contains the quoted language in the first sentence of Paragraph 50, but denies Plaintiff's allegations, including Plaintiff's characterization of the opinion, because the opinion is the best evidence of its complete and accurate contents and because CSXT lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT admits that documents produced in the Putative Class Action contain the quoted language in the second sentence of Paragraph 50, but denies Plaintiff's allegations, including Plaintiff's characterization of the document, which is the best evidence of its accurate and complete contents.  CSXT denies the remaining allegations in Paragraph 50.

51.     Paragraph 51 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 51.

52.     To the extent that the allegations in Paragraph 52 relate to UP and NS, CSXT denies the allegations because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 52.

53.     Paragraph 53 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT admits that the district court

opinion cited by Plaintiff contains the quoted language in the first sentence of Paragraph 53, but denies Plaintiff's allegations, including Plaintiff's characterization of the opinion, because the opinion is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 53.

54.    Paragraph 54 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 54.

55.    Paragraph 55 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 55.

56.    Paragraph 56 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 56.

57.    Paragraph 57 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 57.

58.    Paragraph 58 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 58 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

59.    To the extent the allegations in Paragraph 59 relate to NS, CSXT denies the allegations because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 59.

60.     Paragraph 60 contains legal argument and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 60 that relate to NS because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 60, except admits that its published fuel surcharges were as alleged in Paragraph 60.

61.     Paragraph 61 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 61.

62.     Paragraph 62 contains legal argument and conclusions of law to which no response is required.  To the extent a response is required, CSXT admits that the American Chemistry Council and an entity calling itself the Consumers United for Rail Equity issued a purported study of railroad fuel surcharge revenue in 2007, but denies Plaintiff's allegations, including Plaintiff's characterization of the purported study, because the purported study is the best evidence of its contents.  CSXT further denies that the purported study accurately analyzed or reported CSXT's fuel surcharge revenue or fuel costs.  CSXT denies the allegations in Paragraph 62 related to an analyst's purported statements, including Plaintiff's characterization of those statements, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiff purports to quote is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 62.

63.     Paragraph 63 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 63 that relate to UP or NS because it lacks sufficient information to form an

independent belief concerning the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 63.

64.     Paragraph 64 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 64 that relate to UP or NS because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  To the extent that the allegations in Paragraph 64 relate to a supposed 2007 AAR publication, CSXT denies the allegations because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the publication that Plaintiff purports to quote is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 64.

65.     Paragraph 65 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT admits that the district court opinion cited by Plaintiff contains the quoted language in the third sentence of Paragraph 65, but denies Plaintiff's allegations, including Plaintiff's characterization of the opinion, because the opinion is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 65.

66.     Paragraph 66 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 66.

67.     Paragraph 67 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 67.

68.     CSXT admits that a document produced in the Putative Class Action contains the language quoted in Paragraph 68, but denies Plaintiff's allegations, including Plaintiff's characterization of the document, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiff purports to quote is the best evidence of its complete and accurate contents.

69.     CSXT admits that a document produced in the Putative Class Action contains the language quoted in Paragraph 69, but denies Plaintiff's allegations, including Plaintiff's characterization of the document, because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the document that Plaintiff purports to quote is the best evidence of its complete and accurate contents.

70.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 70, but denies Plaintiff's allegations, including Plaintiff's characterization of the document, which is the best evidence of its accurate and complete contents.  CSXT denies the remaining allegations in Paragraph 70.

71.     Paragraph 71 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT admits that the district court opinion cited by Plaintiff contains the quoted language in the second and third sentences of Paragraph 71, but denies Plaintiff's allegations, including Plaintiff's characterization of the opinion, because the opinion is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 71, except admits that it has competed with other railroads for customers.

72.     Paragraph 72 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT admits that the district court

opinion cited by Plaintiff contains the quoted language in Paragraph 72, but denies Plaintiff's allegations, including Plaintiff's characterization of the opinion, because the opinion is the best evidence of its complete and accurate contents.  To the extent the allegations in Paragraph 72 relate to NS, CSXT denies the allegations because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  To the extent the allegations in Paragraph 72 relate to CSXT, CSXT denies the allegations.

73.     CSXT denies the allegations in Paragraph 73 relating to the content of the alleged Senate Commerce Committee report, including Plaintiff's characterization of that report, because the document is the best evidence of its complete and accurate contents.  CSXT denies that the chart from the Senate Committee report – which reflects the Defendants' "combined profits margins" – represents an accurate depiction of CSXT's profit margins between 2000 and 2009, and denies the remaining allegations in Paragraph 73.

74.     Paragraph 74 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 74.

75.     Paragraph 75 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 75.

76.     CSXT denies the allegations in Paragraph 76 concerning the supposed statements made by UP's President, James Young, because it lacks sufficient to form an independent belief concerning the truth of the allegations, and because the statement that Plaintiff purports to quote is the best evidence of its complete and accurate contents.

77.     Paragraph 77 contains legal argument and conclusions of law to which no

response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 77 that relate to NS because it lacks sufficient information to form an independent belief concerning the truth of the allegations, and because the congressional testimony that Plaintiff purports to quote is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 77.

78.     CSXT neither admits nor denies the allegations in Paragraph 78 because the STB ruling is the best evidence of its contents.

79.     CSXT neither admits nor denies the allegations in Paragraph 79 because the STB ruling is the best evidence of its contents.

80.     Paragraph 80 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 80.

81.     Paragraph 81 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 81 relating to UP, NS, or AAR, because it lacks sufficient information to form an independent belief regarding the truth of the allegations.  CSXT denies the remaining allegations in Paragraph 81.

82.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 82, but denies Plaintiff's allegations, including Plaintiff's characterization of the document, because it lacks sufficient information to form an independent belief regarding the truth of the allegations, and because the Senate Commerce Committee report that Plaintiff purports to quote is the best evidence of its complete and accurate contents.

83.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 83, but denies Plaintiff's allegations, including Plaintiff's characterization of the document, because it lacks sufficient information to form an independent belief regarding the truth of the allegations, and because the document that Plaintiff purports to quote is the best evidence of its complete and accurate contents.  CSXT denies the remaining allegations in Paragraph 83.

84.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 84, but denies Plaintiff's allegations, including Plaintiff's characterization of the document, because it lacks sufficient information to form an independent belief regarding the truth of the allegations, and because the document that Plaintiff purports to quote is the best evidence of its complete and accurate contents.

85.     CSXT admits that a document produced in the Putative Class Action contains the quoted language in Paragraph 85, but denies Plaintiff's allegations, including Plaintiff's characterization of the document, which is the best evidence of its complete and accurate contents.

86.     Paragraph 86 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 86.

87.     Paragraph 87 contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 87.

## TOLLING OF THE STATUTE OF LIMITATIONS

88.     CSXT denies the unnumbered heading that appears before this paragraph. Paragraph 88 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, CSXT admits that the district court issued an order certifying a class in the Putative Class Action captioned *In Re Rail Freight Surcharge Litigation*, No. 1:07-MC-00489-PLF-JMF (D.D.C.), but denies Plaintiff's allegations.

89.     Paragraph 89 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 89.

90.     Paragraph 90 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 90.

91.     Paragraph 91 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, CSXT denies the allegations in Paragraph 91.

## COUNT I

### (Violation of Section 1 of the Sherman Act)

92.     CSXT incorporates by reference its responses to Paragraphs 1-91 as if set forth fully herein.

93.     Paragraph 93 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 93.

94.     Paragraph 94 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 94.

95.     Paragraph 95 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 95.

96.     Paragraph 96 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 96.

97.     Paragraph 97 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 97, including all of its subparts.

98.     Paragraph 98 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 98.

99.     Paragraph 99 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations in Paragraph 99.

<u>**PLAINTIFF'S PRAYER FOR RELIEF**</u>

CSXT denies that Plaintiff is entitled to any of the relief it seeks.

<u>**DEFENSES**</u>

Without assuming any burden that it would not otherwise bear, CSXT asserts the following defenses.  These defenses are pleaded in the alternative, and do not constitute an admission that CSXT is in any way liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever.  As a defense to the Complaint and each and every allegation contained therein, CSXT alleges:

1.     Plaintiff fails to state a claim against CSXT upon which relief can be granted.

2.     Plaintiff's claims against CSXT are barred, in whole or in part, by the applicable statute of limitations.

3.     Plaintiff's claims against CSXT are barred, in whole or in part, because Plaintiff lacks standing, including but not limited to Article III standing, to bring these claims.

4.     Plaintiff's claims against CSXT are barred, in whole or in part, because Plaintiff fails to plead its allegations with particularity.

5.     The purported claims against CSXT and the allegations upon which they are based are improperly vague, ambiguous, and confusing.  CSXT reserves the right to request a more definite statement.

6.     Plaintiff's claims against CSXT are barred, in whole or in part, by the doctrine of laches.

7.     Plaintiff's claims against CSXT are barred, in whole or in part, by the equitable doctrines of laches, estoppel and waiver.

8.     Plaintiff's claims against CSXT are barred, in whole or in part, because Plaintiff has not sustained any injury or damages caused by any action of CSXT.

9.     CSXT did not enter into or engage in any contract, combination, or conspiracy in restraint of trade or participate in any otherwise unlawful conduct.

10.    Plaintiff's claims are barred, in whole or in part, because the alleged conduct that is the subject of the Complaint did not lessen competition in any relevant market or markets.

11.    Plaintiff's claims are barred, in whole or in part, because it has not suffered an injury-in-fact or antitrust injury traceable to the alleged unlawful conduct that is the subject of the Complaint.

12.    Defendants' alleged conduct with respect to communications concerning interline railroad services and other railroad services was protected under law, including, but not limited to, the statutory protections described in 49 U.S.C. §10706.

13.     Plaintiff's claims are barred, in whole or in part, to the extent those claims are based on conduct that is subject to the jurisdiction of the STB.

14.     Plaintiff's claims are barred, in whole or in part, because those claims improperly infer the existence of a conspiracy based on CSXT's common carrier obligation to disclose rates and provide shippers with advance notice of rate changes pursuant to 49 U.S.C. § 11101.

15.     Any and all of CSXT's actions challenged by Plaintiff were lawful, reasonable, justified, constitute bona fide business practices, and were carried out in furtherance of CSXT's legitimate business interests, and therefore did not violate any law at issue and have not caused any injury to competition, the public, or Plaintiff.

16.     Plaintiff is not entitled to injunctive relief.

17.     Plaintiff has incurred no damages or its alleged damages are too remote and speculative to ascertain or apportion.

18.     Plaintiff has failed to exercise reasonable care and diligence to mitigate its alleged damages.

19.     Without admitting any violation of any law, CSXT asserts that, should CSXT be held liable to Plaintiff, which liability is specifically denied, the imposition of treble damages would be punitive and violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Excessive Fines Clause of the United States Constitution.

20.     CSXT incorporates by reference any additional defenses asserted by other Defendants.

21.     CSXT hereby reserves and asserts all defenses available under any applicable law. CSXT presently has insufficient knowledge or information upon which to form a belief as to

whether it may have other, as yet unstated, defenses available.  Therefore, CSXT reserves the right to assert additional defenses, counterclaims, cross-claims, and third-party claims in the event that discovery and the factual developments in this case indicate that such additional defenses or claims would be appropriate.

WHEREFORE, Defendant CSXT respectfully requests that the Court (1) enter judgment in favor of CSXT and against Plaintiff on all of its claims; (2) dismiss the Complaint with prejudice and enter judgment in favor of CSXT; (3) award CSXT its costs, expenses and attorneys' fees; and (4) award such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

CSXT hereby reserves the right to object to Plaintiff's demand for a jury trial on some or all of the issues raised in the Complaint.

Dated:  July 5, 2023

Respectfully submitted,

*/s/  Juan A. Arteaga*
Kent A. Gardiner (D.C. Bar No. 432081)
Luke van Houwelingen (D.C. Bar No. 989950)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(t) 202.624.2500
(f) 202.628.5116
KGardiner@crowell.com
LvanHouwelingen@crowell.com

Juan A. Arteaga
Mara R. Lieber
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022-2544
(t) 212.223.4000
(f) 212.223.4134
JArteaga@crowell.com
MLieber@crowell.com

*Attorneys for Defendant*
*CSX Transportation, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 5, 2023 I electronically filed the foregoing Defendant CSX Transportation, Inc.'s Answer to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to counsel for all parties.

*/s/  Juan A. Arteaga*
Juan A. Arteaga
