IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION (No. II)<br><br>This document relates to:<br><br>*Environmental Protection & Improvement Company, LLC v. Union Pacific Railroad Company, et al.,* 1:22-cv-02587 | MDL Docket No. 2925<br>Misc. No. 20-8 (BAH) |

**RESPONSE TO MINUTE ORDER**

As directed by the Court, Plaintiff Environmental Protection & Improvement Company, LLC ("EPIC" or "Plaintiff") and the Court-designated Liaison Counsel, hereby submit further explanation as to the reasons EPIC is unable to retain expert witnesses shared with other Plaintiffs in this MDL. EPIC further submits EPIC's position on: (1) limiting depositions of Defendants' expert witnesses to only EPIC-specific opinions and analysis and (2) why EPIC's proposal gives Defendants more time than Defendants' proposal.

**I.      EPIC's Inability to Retain a Shared Expert**

EPIC and the Court-designated MDL II Liaison Counsel state that, while being mindful that their conversations concerning this litigation are privileged and involve attorney work product, *see, e.g.*, Order (ECF No. 312) at 3, each of the three groups of MDL II Plaintiffs had good faith discussions with EPIC to see whether EPIC might be able to join one of the existing expert groups. In each case, EPIC and/or the MDL II Plaintiffs, mindful of their fiduciary obligations to their own respective clients, determined that such an arrangement was not in the best interests of their respective clients.

02934-61042/14235473.1

EPIC will be retaining its own expert(s) in this matter. As such, EPIC respectfully requests that the Court permit EPIC's retained expert until October 16, 2023 (26 days after the submission in Defendants' proposed schedule) to complete review of the extensive data and documents produced in this case and to prepare an expert report.

## II.     Depositions of Defendants' Expert Witnesses

EPIC disagrees with Defendants' characterization of the discussions[1] that led to the filing of the Joint Submission (ECF No. 928). Specifically, EPIC agreed to certain limitations for depositions on Defendants' EPIC-specific expert reports if EPIC retained a jointly shared expert. EPIC maintains that any deposition limitations, either for EPIC or Defendants' experts, were appropriate only if EPIC retained a jointly shared expert.

Defendants contend that "EPIC may participate with all other MDL Plaintiffs in depositions on Defendants' August 15 reports on generally applicable opinions and analysis." (ECF No. 928, at 5). Under Defendants' proposal, in approximately eight weeks, EPIC's experts must review extensive records, voluminous data, prepare their respective expert report(s), and review Defendants' expert report(s), for which Defendants' experts have had months, if not years, to prepare, to assist EPIC's counsel in meaningfully participating in depositions on Defendants' August 15 reports. This places an unwarranted burden on EPIC's counsel and EPIC's experts, which is exacerbated by the already condensed time frame to provide an expert report.

Notwithstanding, EPIC is willing to participate in the depositions on Defendants' August 15 reports as to generally applicable opinions and analysis if the Court provides EPIC until October 16, 2023 to serve EPIC's expert disclosures.

---

[1] EPIC did not receive a copy of Defendants' position included in the Joint Submission prior to Defendants filing. As such, EPIC did not have an opportunity to respond to the propositions included therein.

### III. EPIC's Proposal Provides Equivalent Time to Both EPIC and Defendants Experts

EPIC submitted a proposed schedule to the Court that took into consideration the Court's objective of getting this case in account with the other MDL matters and accounted for the time EPIC believes is necessary for EPIC's experts to review the record. In the interests of equity, EPIC proposed roughly three months for each party, EPIC and Defendants, to serve their respective expert disclosures.

If Defendants believe, as their proposal suggests, that their experts can respond to EPIC's disclosures in two months' time, EPIC has no objection to shortening the length of time for Defendants to serve opposing expert disclosures as long as it does not impact the requested time for EPIC's disclosure.

EPIC remains willing to forego a rebuttal expert report.

EPIC is available if the Court has additional questions or concerns.

Dated: August 2, 2023                                     Respectfully submitted,

/s/Kayleigh T. Keilty
Kayleigh T. Keilty (Bar No. 18969)
SAUL EWING LLP
1001 Fleet Street, 9th Floor
Baltimore, MD 21202-4359
(410) 332-8603 (telephone)
(410) 332-8081 (facsimile)
kayleigh.keilty@saul.com

James A. Morsch
Casey T. Grabenstein
SAUL EWING LLP
161 N. Clark St., Suite 4200
Chicago, Illinois 60601
jim.morsch@saul.com
casey.grabenstein@saul.com

*Attorneys for Environmental Protection & Improvement Company, LLC*

02934-61042/14235473.1

<div style="display: flex;">
<div>

*/s/ Michael D. Hausfeld*
Michael D. Hausfeld
HAUSFELD LLP
888 16th Street, NW, Suite 300
Washington, DC 20006
Tel: (202) 540-7200
mhausfeld@hausfeld.com


*/s/ William J. Blechman*
William J. Blechman
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
wblechman@knpa.com

</div>
<div>

*/s/ Alden L. Atkins*
Alden L. Atkins
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Tel: (202) 639-6500
aatkins@velaw.com


*/s/ Sami H. Rashid*
Sami H. Rashid
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
samirashid@quinnemanuel.com

</div>
</div>

*MDL II Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2023, I served the foregoing on counsel of record via ECF.

<div align="right">

*/s/ Kayleigh T. Keilty*

</div>